# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DOUGLAS MCKINLEY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:15-cv-00600 |
| ) | CHIEF JUDGE CRENSHAW |
| NANCY BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Pending before the Court is Douglas McKinley Smith's Motion for Judgment on the Administrative Record ("Motion") (Doc. No. 18), filed with a Memorandum in Support (Doc. No. 19). The Commissioner of Social Security ("Commissioner") filed a Response in Opposition to Plaintiff's Motion (Doc. No. 20), to which Smith replied (Doc. No. 21). Upon consideration of the parties' filings and the transcript of the administrative record (Doc. No. 16),[2] and for the reasons stated herein, the Court grants Plaintiff's Motion (Doc. No. 18) to the extent that the case is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Opinion.

### I. Introduction

Smith filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act on November 14, 2011, alleging a disability onset of May 1, 2005. (Tr. 9.)

---

[1] Nancy Berryhill became Acting Commissioner for the Social Security Administration on January 23, 2017.

[2] Referenced hereinafter by page number(s) following the abbreviation "Tr."

Smith's claim was denied at the initial and reconsideration stages of state agency review. (Tr. 9.) Smith subsequently requested *de novo* review of this case by an Administrative Law Judge ("ALJ"). The ALJ heard the case on August 22, 2013, when Smith appeared with counsel and gave testimony. (Tr. 48–104.) Testimony was also received from an impartial vocational expert. (Tr. 95–99.) At the conclusion of the hearing, the matter was taken under advisement until October 25, 2013, when the ALJ issued a written decision finding Smith not disabled. (Tr. 31–47.) For reasons unclear in the record, the ALJ's decision was reissued on January 10, 2014. (Tr. 6–22.)[3] That decision contains the following enumerated findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2007.

2. The claimant has not engaged in substantial gainful activity since the alleged onset date (20 C.F.R. 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairment[s]: multiple sclerosis and adjustment disorder (20 C.F.R. 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, … through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) except for standing/walking 6 hours; pushing/pulling occasionally in the right lower extremity; no climbing ladders/ropes/scaffolds; occasional climbing, balancing, stopping [sic], kneeling, crouching, and crawling; avowing [sic] concentrated exposure to heat; avoiding even moderate exposure to hazards; performance of simple and low-level detailed tasks, no multistep tasks or executive decisions; adequate concentration/pace/persistence for the above tasks; ability to relate appropriately with the general public/supervisors/coworkers; and adapt to infrequent change.

---

[3] As noted by the ALJ, Smith also applied for Supplemental Security Income ("SSI") under Title XVI of the Act, which was awarded as of the protective filing date at the reconsideration level. (Tr. 9.) Therefore, the only issue before the Court is Smith's DIB claim under Title II.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 C.F.R. 404.1565).

7. The claimant was born on September 24, 1955 and was 52 years old, which is defined as an individual closely approaching advanced age, on the date last insured (20 C.F.R. 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 C.F.R. 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, at any time from May 1, 2005, the alleged onset date, through December 31, 2007, the date last insured (20 C.F.R. 404.1520(g)).

(Tr. 11–12, 15–16.)

On March 26, 2015, the Appeals Council denied Smith's request for review of the ALJ's decision (Tr. 1–5), thereby rendering that decision the final decision of the Commissioner. This civil action was thereafter timely filed. The Court has jurisdiction. 42 U.S.C. § 405(g).

## II. Conclusions of Law

### A. Standard of Review

Judicial review of "any final decision of the Commissioner of Social Security made after a hearing" is authorized by section 205(g) of the Social Security Act, which empowers the district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). This Court reviews the final decision of the Commissioner to determine whether substantial evidence supports that agency's findings

3

and whether it applied the correct legal standards. Miller v. Comm'r of Soc. Sec., 811 F.3d 825, 833 (6th Cir. 2016). Substantial evidence means "'more than a mere scintilla' but less than a preponderance; substantial evidence is such 'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001)). In determining whether substantial evidence supports the agency's findings, a court must examine the record as a whole, "tak[ing] into account whatever in the record fairly detracts from its weight." Brooks v. Comm'r of Soc. Sec., 531 F. App'x 636, 641 (6th Cir. 2013) (quoting Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984)). The agency's decision must stand if substantial evidence supports it, even if the record contains evidence supporting the opposite conclusion. See Hernandez v. Comm'r of Soc. Sec., 644 F. App'x 468, 473 (6th Cir. 2016) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)).

Accordingly, this Court may not "try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713 (6th Cir. 2012) (quoting Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007)). Where, however, an ALJ fails to follow agency rules and regulations, the decision lacks the support of substantial evidence, "even where the conclusion of the ALJ may be justified based upon the record." Miller, 811 F.3d at 833 (quoting Gentry v. Comm'r of Soc. Sec., 741 F.3d 708, 722 (6th Cir. 2014)).

### B. The Five-Step Inquiry

The claimant bears the ultimate burden of establishing entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42

U.S.C. § 423(d)(1)(A). The claimant's "physical or mental impairment" must "result[] from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 423(d)(3). The agency considers a claimant's case under a five-step sequential evaluation process, described by the Sixth Circuit Court of Appeals as follows:

1. A claimant who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2. A claimant who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if a claimant is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart B of the Regulations. Claimants with lesser impairments proceed to step four.

4. A claimant who can perform work that he has done in the past will not be found to be disabled.

5. If a claimant cannot perform his past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

Parks v. Soc. Sec. Admin., 413 F. App'x 856, 862 (6th Cir. 2011) (citing Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 539 (6th Cir. 2007)); 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden through step four of proving the existence and severity of the limitations her impairments cause and the fact that she cannot perform past relevant work; however, at step five, "the burden shifts to the Commissioner to 'identify a significant number of jobs in the economy that accommodate the claimant's residual functioning capacity[.]" Kepke v. Comm'r of Soc. Sec., 636 F. App'x 625, 628 (6th Cir. 2016) (quoting Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004)).

The agency can carry its burden at the fifth step of the evaluation process by relying on the Medical-Vocational Guidelines, otherwise known as "the grids," but only if a nonexertional impairment does not significantly limit the claimant, and then only when the claimant's characteristics precisely match the characteristics of the applicable grid rule. See Anderson v. Comm'r of Soc. Sec., 406 F. App'x 32, 35 (6th Cir. 2010); Wright v. Massanari, 321 F.3d 611, 615–16 (6th Cir. 2003). Otherwise, the grids only function as a guide to the disability determination. Wright, 321 F.3d at 615–16; see Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir. 1990). Where the grids do not direct a conclusion as to the claimant's disability, the agency must rebut the claimant's prima facie case by coming forward with proof of the claimant's individual vocational qualifications to perform specific jobs, typically through vocational expert testimony. Anderson, 406 F. App'x at 35; see Wright, 321 F.3d at 616 (quoting SSR 83-12, 1983 WL 31253, *4 (Jan. 1, 1983)).

When determining a claimant's residual functional capacity ("RFC") at steps four and five, the agency must consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. See 42 U.S.C. §§ 423(d)(2)(B), (5)(B); Glenn v. Comm'r of Soc. Sec., 763 F.3d 494, 499 (6th Cir. 2014) (citing 20 C.F.R. § 404.1545(e)).

### C. Plaintiff's Statement of Error

Smith's first argument is that the ALJ erred by failing to explain what medical listings he considered at Step 3 and why he failed to meet or equal any of those listings. (Doc. No. 19 at 4–8.) Specifically, Smith argues that the evidence supports a finding of disability based on Listing 11.09 for Multiple Sclerosis.

6

Step three of the sequential analysis addresses whether the claimant has an impairment or combination of impairments that meets or is the medical equivalent of one of the listed impairments. The Commissioner has published a "Listing of Impairments," 20 C.F.R. Part 404, Subpart P, Appendix 1, which describes for each major body system, impairments that are considered severe enough to prevent a person from doing any gainful activity. See 20 C.F.R. § 404.1525. Each section of the listing has a general introduction that essentially describes the diagnosis and general requirements as well as a section that describes the requisite levels of severity. See id. The claimant will be determined to be automatically disabled without consideration of his or her age, education, or work experience if the claimant's impairments are sufficiently severe to meet or equal the criteria of any impairment listed in the Appendix. See Lankford v. Sullivan, 942 F.2d 301, 306 (6th Cir. 1991); 20 C.F.R. § 404.1520(a)(iii).

Here, the ALJ found that Smith suffered from two severe impairments: multiple sclerosis and adjustment disorder. (Tr. 11.) With respect to the step three analysis, the ALJ stated:

> As to the "B" criteria of the listings, the claimant has a mild restriction in activities of daily living; mild difficulties in maintaining social functioning; mild difficulties in maintaining concentration, persistence, or pace; and no episodes of decompensation of extended duration. These limitations are consistent with the opinions of the state agency provider in Ex. 5F as discussed further below. The evidence does not establish the "C" criteria of the listings.

(Tr. 12.) This is wholly insufficient.

While the ALJ did not state which listing he was referring to, the criteria he lists matches those of the "Paragraph B" criteria for mental impairments.[4] Indeed, the exhibit he cites in

---

[4] To satisfy the "Paragraph B" criteria, the mental impairments must result in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining

support of the limitations is the Psychiatric Review Technique Form performed on January 17, 2012, by Dr. Candice Burger (Tr. 420). (Tr. 12.)[5] In addition to this lack of meaningful analysis, there is absolutely no mention of Smith's severe physical impairment under step three.

The Commissioner argues that, "while the ALJ did not provide detail to support the finding under the finding itself, the ALJ provided sufficient detail in the subsequent pages." (Doc. No. 20 at 6.) This is incorrect and unpersuasive. The subsequent pages of the ALJ's decision document his analysis under steps four and five, analyses which substantially differ from the one performed at step three. The Court thus finds that the ALJ erred by not properly assessing Smith's mental impairments and by completely neglecting to address Smith's severe physical impairment, multiple sclerosis, at step three.

Due to the ALJ's failure to address whether Smith had an impairment or combination of impairments that met or medically equaled one of the listed impairments, the Court will remand this case for proper and actual consideration of such. Furthermore, the Court finds it unnecessary to address Smith's remaining argument, which centered upon the ALJ's rejection of the opinion of his treating neurologist, because the ALJ's reconsideration of this matter on remand may impact the remainder of the ALJ's sequential analysis. In any event, even if the remaining assignment of error had merit, the result would be the same, *i.e.*, remand for further proceedings.

---

social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration.

[5] The Court also notes that the ALJ's choice to rely on an opinion that assessed Smith's mental state from November 14, 2011 to January 17, 2012 is both confusing and erroneous given that the relevant span of time is from the date of the alleged onset of disability, May 1, 2005, to the date last insured, December 31, 2007.

### III. Conclusion

For the reasons stated herein, Plaintiff's Motion for Judgment on the Record (Doc. No. 18) will be granted to the extent the case will be reversed and remanded pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion. An Order will be filed herewith.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE